# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 529 | **DATE** | 2/1/2012 |
| **CASE TITLE** | James Hampton (B-77098) vs. Dr. Hart | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [4] is incomplete and denied without prejudice. Plaintiff's complaint is dismissed without prejudice. His motion for the appointment of counsel [3] is denied. To proceed with this case, Plaintiff must both: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. The clerk shall send to Plaintiff an *in forma pauperis* application form. Plaintiff is given until 2/28/12 to comply. His failure to do so will result in dismissal of this case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff James Hampton, currently incarcerated at the Stateville Northern Reception Center, has filed another 42 U.S.C. § 1983 suit concerning medical care he received at the Cook County Jail for his Achilles tendon injury. In a prior suit, Plaintiff complained that he waited two years for surgery for his ruptured Achilles tendon and that Cook County Jail and Cermak officials acted unreasonably with ensuring that Plaintiff receive surgery. Surgery was performed in June 2010. The instant complaint alleges that he received inadequate medical care after his surgery.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"); however, his application consists of only two pages and is incomplete. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If Plaintiff is unable to prepay the $350 filing fee, he may submit an IFP application to pay the fee in installments. A request to proceed IFP must be submitted on this court's form. The form not only seeks information about the prisoner, but also includes a certificate to be filled out by an authorized officer attesting to the amount of funds in Plaintiff's account and requires the applicant to provide copies of his "trust fund account statement[s] . . . for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2); *see also* N.D. Ill. Local Rule 3.3. Plaintiff's application consists of only the certificate and a copy of his current trust fund account balance. The trust fund account statement does not appear to be complete as it shows no activity during the months that Plaintiff has been at Stateville (not even transferred-in funds from Cook County Jail). Also, in accordance with § 1915(a)(2), Plaintiff must submit trust fund account statements from both Stateville and Cook County Jail to show the activities in his accounts during the six-month period before filing this suit. Accordingly, the current application is denied.

12C529 James Hampton (B-77098) vs. Dr. Hart

Page 1 of 3

## STATEMENT

To proceed IFP in this case, Plaintiff must submit a completed application that includes not only responses to the application's questions, but also a certificate from an authorized officer at his current place of confinement and copies of his trust fund account statements from each facility where he was incarcerated during the six-month period before filing this suit. The trust fund statements should show the activity in that account during the relevant time period, as opposed to simply beginning and end balances. Plaintiff's failure to submit a completed IFP application or prepay the filing fee by the date stated above will result in the summary dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

In addition to Plaintiff's IFP application being incomplete, his complaint fails to state a valid claim that can proceed. As to Defendants P.A. Sims and V. Butler, Plaintiff alleges that their failure to attempt more strenuously to obtain surgery for Plaintiff's ruptured Achilles tendon contributed to the delay of the surgery and has resulted in permanent nerve damage. The issue with the alleged delay of surgery is being litigated in *Hampton v. Dart*, No. 09 C 6269. If Sims and Butler need to be added as Defendants to that claim, Plaintiff must seek to do so in his other case, as opposed to filing a separate suit alleging the same claim. To allow this claim to proceed in a separate suit would result in duplicate litigation of the same issue, which this court will not allow. *Tripple Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

Plaintiff also alleges that Sims, though treating Plaintiff and addressing his complaints of pain, refused to refer Plaintiff to a pain specialist. A claim of deliberate indifference does not exist with respect to "the course of treatment selected by [a prisoner's] health care providers and the effectiveness of that course of treatment are not actionable as violations of the prisoner's civil rights. '[T]he Constitution is not a medical code that mandates specific medical treatment.'" *Kyser v. Rednow*, No. 10-990-GPM, 2011 WL 221829 at *3 (S.D. Ill. Jan. 23, 2011) (Murphy, J.), quoting *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Plaintiff's claim that Sims did not send Plaintiff to a pain specialist, but otherwise treated his complaints of pain, alleges at most a difference of opinion with Sims' course of treatment, but not deliberate indifference.

To succeed on a claim of deliberate indifference to a serious medical need, Plaintiff must be able to demonstrate both: (1) that he suffered an objectively serious medical condition, and (2) that defendants acted with deliberate indifference, i.e., that they knew that Plaintiff faced a serious risk of harm and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither negligence, medical malpractice, nor a difference of opinion as to a course of treatment establishes the constitutional violation of deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

Plaintiff's claims against Dr. Defuniak similarly state at most negligence or malpractice. Plaintiff asserts that Dr. Defuniak erroneously stated on Plaintiff's chart that Plaintiff was ambulatory when in fact Plaintiff could only stand but not walk without pain. According to Plaintiff, "standing for 20 minutes and walking are clearly two different things." (Compl. at 4.) Plaintiff states that his wheelchair was replaced with a cane but was later returned after his ankle swelled from walking with a cane. (*Id.*) Like his claims against P.A. Sims, Plaintiff's allegations against Dr. Defuniak at best state only claims of negligence, gross negligence, malpractice, or a difference of opinion about Plaintiff's condition and course of treatment, but not deliberate indifference. *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2007).

Plaintiff's claims against the physician who performed his Achilles tendon surgery also allege at most negligence or malpractice. Plaintiff contends that Dr. Giarapati refused to prescribe a wheelchair for Plaintiff, but instead allowed only a walker, based upon misleading reports from Dr. Defuniak. Plaintiff states that Dr. Giarapati informed Plaintiff that he may still be experiencing pain because of permanent nerve damage, but that Dr. Giarapati never informed Plaintiff that he may suffer such damage or forever be taking

pain medication.  (Compl. at 5.)  Plaintiff further objects to the fact that he was seen by "PA students," as opposed to doctors, at Stroger Hospital during his post-surgery visits.  (*Id.*)  Such allegations do not state claims of deliberate indifference.

Plaintiff also names as Defendant Counselor R. Jewll, who allegedly improperly processed  Plaintiff's grievances as requests.  (Compl. at 3.)  As a nonmedical person, Jewll was allowed to, if not correct to refer Plaintiff's grievances to medical personnel.  *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008).  The continual referral of grievances of pain to medical personnel who are clearly doing nothing may give rise to a valid deliberate indifference claim, *id.* at 528, which is similar to the issue of Plaintiff's prior suit.  His contention in the instant suit that Jewll "on several occasions" filed Plaintiff's grievances as requests, however, does not fall into such a category.

Plaintiff further names Tom Dart and Dr. Hart as Defendants but states no claims against them.  If they are somehow related to this suit, Plaintiff must state his claims against them, as opposed to simply referring to them in the caption of the complaint.

In conclusion, although Plaintiff's complaint demonstrates a sympathetic situation of prolonged pain following his Achilles tendon surgery, none of his allegations state valid claims of deliberate indifference.  The court will afford Plaintiff an opportunity to submit an amended complaint.  However, the court requests that, when Plaintiff determinines whether to proceed with this case, he consider the heavy burden of establishing deliberate indifference, as opposed to simply proving negligence or medical malpractice.

Accordingly, to proceed with this case, Plaintiff must (1) either prepay the $350 filing fee or submit a completed IFP application, and (2) submit an amended complaint that presents valid claims.  Plaintiff's failure to comply by the date stated above will result in the summary dismissal of this case.